IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**MEREDITH ANN YATES,**

    **Petitioner,**

v.                                                                        **Case No. 1:19-cv-00436**

**M.E. REHERMAN, WARDEN of
ALDERSON FPC,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's response requesting dismissal. (ECF No. 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner clearly is not entitled to relief; therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's § 2241 petition be **DENIED**, (ECF No. 1); Respondent's request for dismissal be **GRANTED;** (ECF No. 10), and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.**    **Relevant Factual and Procedural Background**

On November 17, 2015, Petitioner, Meredith Ann Yates ("Yates"), was indicted

in the United States District Court for the Western District of North Carolina on charges of aiding and abetting the possession with intent to manufacture marijuana; knowingly receiving and possessing machine guns not registered to her; possessing a firearm while being an unlawful user of a controlled substance; using false and fictious information to acquire a firearm; and possessing a firearm in furtherance of a drug trafficking crime. *See United States v. Yates,* Case No.: 1:15-cr-00097-MOC-WCM-2 (W.D.N.C. Nov. 17, 2015), at ECF No. 1. On. November 25, 2015, Yates was released on bond subject to certain terms and conditions. *Id.,* at ECF Nos. 11, 12. She remained on bond until her conviction in June 2016.

According to Yates, her conditions of release were extremely confining. She was on "House Arrest," which she describes as being restricted to a "small space, on nearly a constant basis," with electronic monitoring and very little freedom. (ECF No. 2 at 1). She could only make "trips to the outside world" with the express permission of court officials and was generally limited to one outdoor excursion per day, which consisted of her being allowed fifteen minutes to go to her mailbox. (*Id.*). Yates remained on home incarceration for approximately six months and one week.

Yates filed the instant petition on June 6, 2019. (ECF No. 1). She contends that the Federal Bureau of Prisons ("BOP") improperly rejected a request to credit her sentence for the time she spent on home incarceration. (*Id.* at 2). On June 2, 2019, Yates appealed the BOP's initial denial to its Mid-Atlantic Regional Office. At the time she filed her petition with this Court, she was awaiting a response. Yates concedes that she had not exhausted her administrative remedies prior to filing the petition, but contends that she need not do so, because exhaustion is not a jurisdictional requirement. In support of this contention, Yates relies on the decision of the Supreme

Court of the United States ("Supreme Court") in *McCarthy v. Madigan,* 503 U.S. 140, 146-49 (1992).

In the petition, Yates raises two substantive grounds. First, she claims that her constitutional rights were violated when the BOP ignored 18 U.S.C. § 3585 and refused to credit her sentence with the six months and one week she spent on 24-hour home incarceration. (ECF No. 1 at 6). Second, Yates asserts that she was denied due process, because the North Carolina District Court failed to advise her at the time of her release that she would not receive jail credit for home incarceration. (*Id.*) Yates indicates that, had she been told, she would have opted to spend the time in jail and receive credit for it.

On August 7, 2019, Respondent filed a response to Yates's petition, arguing that the petition should be dismissed for several reasons. (ECF No. 10). First, Respondent asserts that the petition was prematurely filed given Petitioner's acknowledgment that she failed to exhaust administrative remedies. (*Id.* at 3-4). Second, Respondent claims that Yates is not entitled to credit against her sentence for time spent on home incarceration, because she was not in "official detention," as required by 18 U.S.C. § 3585. (*Id.* at 4-6). Finally, Respondent contends that Yates cannot pursue a due process claim in this action; instead, she needs to raise such a claim in a motion filed under § 2255. (*Id.* at 5, n.2).

## II.  Standard of Review

Respondent requests that Petitioner's § 2241 petition be dismissed. (ECF No. 10 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to

3

dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, this distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

4

### III. Discussion

For the reasons stated below, the undersigned **FINDS** that Petitioner's § 2241 petition must be dismissed for failure to exhaust administrative remedies. Further, the undersigned **FINDS** that even if the Court were to waive this barrier to review, the petition is without merit.

#### A. *Exhaustion of Administrative Remedies*

Generally, an inmate should exhaust adequate alternative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition) (citations omitted). Habeas relief under 28 U.S.C. § 2241 is always available "to safeguard the fundamental rights of persons wrongly incarcerated," but it is an "avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citing *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983)). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See, e.g.*, *Timms*, 627 F.3d at 530-33 (requiring exhaustion in a § 2241 matter); *McClung,* 90 F. App'x. at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

The BOP provides the following four-step Administrative Remedy Program for resolving grievances: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a "BP–9" form; (3) appealing to the Regional Director on a "BP–10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP–11" form within 30 days of the date the Regional Director signed the response to

the appeal. *See* 28 C.F.R. § 542.10-542.15; *Luczak v. Coakley*, No. 5:16-CV-189, 2018 WL 4326877, at *6 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 5:16-CV-189, 2018 WL 4305810 (N.D.W. Va. Sept. 10, 2018). Yates admits that she completed the first two steps of the process, but did not wait to receive a response from the Regional Director before filing her petition. Consequently, when she decided to simply skip the last two steps of the process, she failed to exhaust available administrative remedies. Yates concedes this fact, but argues that she is not required to exhaust remedies pursuant to *McCarthy*, 503 U.S. at 144–45, because exhaustion is not a jurisdictional requirement.

Although the exhaustion of alternative remedies is not a statutory precondition to the filing of a § 2241 petition, "[t]he exhaustion requirement is a prudential restraint … It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention." R*odriguez v. Ratledge*, 715 F. App'x 261, 265 (4th Cir. 2017) (citations omitted). This point is confirmed in *McCarthy,* which holds that the exhaustion requirement should not be cavalierly overlooked, but may be excused in certain circumstances; such as, when resorting to administrative remedies would result in undue prejudice to the assertion of a later court action, when the agency is unable to grant the relief requested, or when the agency is shown to be biased. *McCarthy,* 503 U.S. 146-48. As such, while exhaustion may be excused on occasion, for that to happen, the petitioner must show "cause and prejudice." *McClung*, 90 F. App'x at 445. This Court has excused a § 2241 petitioner's failure to exhaust his administrative remedies on the basis of futility. *Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8–9 (S.D.W. Va. June 12, 2006); *see also Bost v. Adams*, No. 1:04-0446, 2006 WL 1674485, at *6-7 (S.D.W. Va. June 12, 2006). Other courts in the circuit have excused exhaustion

6

when "the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (citing *Lyons v. U.S. Marshals,* 840 F.2d 202, 205 (3rd Cir. 1988)). Nevertheless, exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Id*. (quoting *Rose v. Lundy,* 455 U.S. 509, 515–516 (1982)).

      Here, Yates has not established any of the factual grounds that would justify a waiver of the exhaustion requirement. She does not allege that her case is particularly urgent, or even that proceeding through the BOP's Administrative Remedy Process would be futile. Indeed, she gives no reason at all for her failure to complete the process, except that she believes exhaustion is "not necessary" under prevailing case law. (ECF No. 2 at 7). Yates misinterprets the relevant law. Courts clearly cannot excuse exhaustion every time an inmate decides to bypass the available process. To do so would undermine the effectiveness of the alternative remedies provided by the BOP and would obliterate the purpose of the exhaustion requirement. Exhaustion provides prison officials with an opportunity to reconsider their decisions before being hauled into court. *Arbaugh v. Berkebile*, No. CIVA 5:10-0528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-CV-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011) (citing *Jones v. Bock,* 549 U.S. 199, 204, (2007); *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). It "permits agencies to grant the relief requested, which conserves judicial resources and provides agencies the opportunity to correct their own errors, fostering administrative autonomy." *Id*. (citing *McCarthy,* 503 U.S. at 144–145; *Moscato Fed. Bureau of Prisons,* 98 F.3d 757,

761–62 (3rd Cir. 1996)). Even when relief is not received through the remedy process, "[e]xhaustion allows the appropriate agency to develop a factual record and apply its expertise, which can facilitate judicial review." *Wright*, 2010 WL 1258181, at *1. Given the importance of these goals, the exhaustion requirement should not be freely or routinely waived.

Therefore, the undersigned **FINDS** that Yates failed to exhaust administrative remedies and, furthermore, has neglected to provide the court with a factual basis to excuse or justify her failure to exhaust the available remedies. For that reason, her petition should be dismissed.

### B. *Yates is not Entitled to Credit Against her Sentence*

Yates's contention that she is entitled to credit against her sentence for time spent in home incarceration is plainly without merit, as the Supreme Court roundly rejected such a claim in *Reno v. Koray,* 515 U.S. 50, 52 (1995). Although the Supreme Court specifically examined in *Reno* whether pretrial release to a community treatment center could be credited against a defendant's sentence, the Court's analysis applied to any situation involving pretrial or presentence release. Noting that 18 U.S.C. § 3585(b) required a defendant to "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," the Supreme Court deliberated the meaning of "official detention," concluding that official detention included ***only*** time spent confined in the custody of the Attorney General pursuant to an order of detention, and did not include time spent on "release," even under the most stringent limitations. *Id.* at 55, 57-58.

Yates was given pretrial release, albeit subject to home incarceration and other restrictive conditions. However, she was not detained by the Court, surrendered to the

8

custody of the Attorney General, or exposed to BOP control. Accordingly, her time spent on pretrial release does not qualify for credit under 18 U.S.C. § 3585(b). *See United States v. Summers-Grace*, No. CR ELH-16-0594, 2020 WL 1235016, at *3 (D. Md. Mar. 13, 2020) ("Moreover, the Court determined that 'credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control.") (quoting *Reno,* 515 U.S. at 58); *Collins v. Butler*, No. CV 6:15-063-DCR, 2015 WL 4973620, at *3 (E.D. Ky. Aug. 19, 2015) ("Following the Supreme Court's decision, federal courts have uniformly upheld the BOP's conclusion that time spent in home detention does not qualify as 'official detention' warranting presentence credits under § 3585(b) because it is a form of 'release,' not a form of 'detention.') (citations omitted); *Givens v. Thomas*, No. 3:CV-12-874, 2013 WL 3102895, at *4 (M.D. Pa. June 18, 2013) ("Pursuant to the standards announced in *Reno v. Koray,* Givens is simply not entitled to § 3585 credit for the period of his home confinement with electronic monitoring regardless of how restrictive those conditions may have been."); *Halstead v. Apker*, No. CV 11-0225 TUC-FRZ, 2011 WL 7004336, at *2 (D. Ariz. Nov. 8, 2011), *report and recommendation adopted,* No. CV 11-225-TUC-FRZ, 2012 WL 92843 (D. Ariz. Jan. 12, 2012) (finding that home incarceration with electronic monitoring, although quite restrictive, was not "official detention" under § 3585(b)).

### C. Yates's Claim of Due Process is Not Properly Asserted

According to Yates, she should have been told that the time she spent on home incarceration would not be credited against her future sentence, if a sentence of imprisonment was imposed. She claims that this failure amounted to a due process violation. However, Yates provides no legal support for her argument, nor does she

9

explain how such a claim falls within the parameters of a petition for a writ of habeas corpus under § 2241. *See Santiago v. Shartle,* No. 11-4957, 2011 WL 6778259, at *1 (D.N.J. Dec. 22, 2011) (holding that the petitioner's claim regarding not being advised that his pretrial release would not be credited to his sentence should have been asserted in a motion under 28 U.S.C. § 2255).

Yates is correct that a defendant is entitled to procedural due process in proceedings conducted pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150. Generally, due process is achieved when, before an order of detention is entered, a defendant receives notice of the charges and evidence against him and has an opportunity to be heard. "Particularly where liberty is at stake, due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other." *United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004). The Bail Reform Act incorporates due process safeguards by ensuring that counsel is secured for the defendant, the defendant is notified of the Government's basis for seeking pretrial detention, and the defendant is given the right to testify, to present witnesses, to cross-examine adverse witnesses, and to present evidence by proffer. 18 U.S.C. § 3142(f). There is nothing in the record to suggest that Yates was denied any of these safeguards. To the contrary, the record reflects that Yates received a detention hearing and secured pretrial release, as she requested. *United States v. Yates,* Case No. 1:15-cr-00097-MOC-WCM-2, at ECF Nos. 9, 10, 11, 12.

Yates has failed to show that the court denied her any due process right related to her detention hearing, and the undersigned has found no case law holding that due process calls for the court to advise a defendant of all possible ramifications associated

10

with pretrial release. Yates's reliance on dicta in *Reno* is unavailing, as the Supreme Court has yet to find that a defendant was denied due process when a court failed to advise the defendant that pretrial release could not be credited against a future sentence.

Therefore, the undersigned **FINDS** that Yates fails to assert a cognizable due process claim.

### IV.  Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**;

2. Respondent's request for dismissal, (ECF No. 10), be **GRANTED**; and

3. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of

*de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** May 29, 2020

Cheryl A. Eifert
United States Magistrate Judge