IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MEREDITH ANN YATES,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:19-00436

M.E. REHERMAN, WARDEN of
ALDERSON FPC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation ("PF&R") on May 29, 2020, in which she recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241, grant defendant's request for dismissal, dismiss this matter with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On June 15, 2020, plaintiff filed objections to the PF&R. See ECF No. 15. Most of this document does not specifically address Magistrate Judge Eifert's Proposed Findings and Recommendation and, rather, is more a general rejection of the Proposed Findings and Recommendation and denunciation of a number of things, including the courts. See, e.g., Objections at 1 ("You took an oath, before God, to uphold and defend the Constitution yet punish people for not abiding in unconstitutional laws while holding the BOP accountable, letting them operate outside of the law. You mock God and you mock Justice."). Furthermore, on January 6, 2021, defendant filed a motion to dismiss arguing that the petition should be dismissed as moot because plaintiff was released on July 17, 2020. See ECF No. 16.

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

Plaintiff's objections are not the type of objections contemplated by the federal rules. They are a more a tirade and have

2

nothing to do with the specifics of Magistrate Judge Eifert's Proposed Findings and Recommendation. Because plaintiff's objections are "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," they are **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241, **GRANTS** the motions to dismiss, **DISMISSES** this matter with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 14th day of July, 2021.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge